**STATE OF MAINE**
**CUMBERLAND, ss.**

**DISTRICT COURT**
Location: Portland
Docket No. PORCV-21-0052

DIRIGO FEDERAL CREDIT UNION )
)
Plaintiff )
vs. )
)
)    **ORDER ON PLAINTIFF'S MOTION**
)    **FOR SUMMARY JUDGMENT**
NICHOLAS AMPUNGAN )
)
Defendant )

10:25 AM

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUN 0 2 2022

RECEIVED

Plaintiff has filed this civil action seeking damages arising from an alleged default on a loan agreement. Defendant filed an answer denying any indebtedness to the named plaintiff. Thereafter plaintiff filed a motion for summary judgment pursuant to M.R. Civ. P. 56 and included supporting affidavits with appended documents. Defendant duly filed his opposition with a corresponding statement of material facts in dispute sufficiently compliant with the requirements of M.R. Civ. P. 56(h)(2).[1]

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any … show that there is no genuine issue as to any material fact … and that any party is entitled to a judgment as a matter of law." M.R. Civ. P. 56(c). The court should generally consider both the evidence and any reasonable inferences that the evidence produces in the light most favorable to the party against whom summary judgment is sought, and will grant such motion only where the moving party establishes that there is no genuine dispute of fact and that the undisputed facts entitle the party to judgment as a matter of law. *Levis v. Konitsky*, 2016 ME 167, ¶ 20.

A review of the parties' filings reveals that there is a material fact in dispute. In its filings, plaintiff avers that defendant took out an auto loan from an entity named Rainbow Federal Credit Union. Plaintiff appended as exhibits the loan agreement, communications to defendant, and purported records of payment all from Rainbow Federal Credit Union. Throughout its filings, plaintiff refers to "Rainbow Federal Credit Union, n/k/a Dirigo Federal Credit Union." *See*

---

[1] The court regrets and apologizes for the delay in attending to the motion for summary judgment, which was unduly delayed by the impact on the civil case docket and judicial review related to the COVID-19 pandemic.

Complaint, ¶ 3; Plaintiff's SMF, ¶ 1; Plaintiff's Affidavit of Claude Morgan, ¶ 5. This includes reliance on defendant's failure to respond to request for admissions, which referenced the named plaintiff only in the definition section of the request. Defendant's opposition asserts that while he did enter into an agreement with Rainbow Federal Credit Union, he has no knowledge of any debt to an entity called Dirigo Federal Credit Union prior to receiving the summons in this matter. Plaintiff has offered no explanation as to how Rainbow Federal Credit Union came to be "known as" Dirigo Federal Credit Union, or how defendant might have been provided notice of such a change. Absent evidence establishing the legal relationship between the named plaintiff and Rainbow Federal Credit Union, the court finds that there is a material fact in dispute, and that the plaintiff has failed to meet its burden of proof.[2]

Accordingly, for the reasons set forth above, plaintiff's motion for summary judgment is **HEREBY DENIED**. This matter shall now be promptly scheduled for a final pretrial conference and for hearing on the plaintiff's claim for relief.

The clerk is directed to incorporate this Order by reference into the docket for this case pursuant to Rule 79(a) of the Maine Rules of Civil Procedure as follows, "Plaintiff's motion for summary judgment is DENIED. Clerk to schedule for final pretrial conference."

Dated: 6|2|2022

Hon. Peter Darvin
Judge, District Court

## Plaintiff-Joan Egdall, Esq
## Defendant-Pro Se

Entered on the Docket: 06/06/22

---

[2] The court specifically finds that reference in the definition section alone of the request for production is not sufficient to establish the claimed legal relationship between the named plaintiff and Rainbow Federal Credit Union. The requests themselves do not allege any facts related to the relationship between the named plaintiff and any predecessor credit union. The defendant's answer did not admit the allegation (¶ 3) in plaintiff's complaint which simply includes the clause that the Rainbow Federal Credit Union is 'now known as Dirigo Federal Credit Union'. The affidavits submitted in support of the motion do not explain the relationship and no documentation has been provided establishing the legal relationship between the two subject entities. Plaintiff has not sought to amend its pleadings or provide documentation responsive to the defendant's clear identification of the issue presented, despite the considerable amount of time this case has been pending.

2